

Entered pursuant to Administrative Order
No. 08-10: Kenneth J. Hirz, Clerk of Court
By: /s/ Marilyn Eldridge
            Deputy Clerk

**Dated: 10:28 AM December 5 2011**

THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 PROCEEDING |
|   JEREMY E BROWN | ) | |
|   TONYA L BROWN | ) | ORDER CONFIRMING PLAN |
|   3268 HILLCREST DRIVE | ) | |
|   NORTON, OH 44203 | ) | CASE NO. 11-50326 |
| | ) | |
| | ) | JUDGE MARILYN SHEA-STONUM |
|         DEBTOR(S) | | |

-----------------------------------------------------------------------------------------------------------------

     The Chapter 13 plan (the "Plan") in this case came on for confirmation at a hearing before the Court. A copy of the Plan is attached to this Order Confirming Plan (the "OCP"). Based upon the papers filed in this case, information presented by the Standing Chapter 13 Trustee (the "Trustee") and such other matters, if any, presented by the debtor or the debtors, in a joint case, (collectively, the "Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

    A)     Notice of the confirmation hearing was duly given.
    B)     The Plan complies with applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code").

**IT IS THEREFORE ORDERED THAT:**

    1)     The Plan is confirmed.
    2)     The Debtor's Plan is incorporated into this OCP as if fully rewritten herein, provided, however, that should there be any inconsistencies between the Plan and this OCP, this OCP shall control.
    3)     The Plan may extend beyond its stated term, but not to exceed a total of sixty (60) months in duration, in order to carry out the provisions of this OCP without further application or notice pursuant to Bankruptcy Code Section 1322(c).
    4)     Pursuant to Bankruptcy Code Section 1302(b)(4), the Trustee is authorized and permitted to send notices, plan balances and other general information concerning the administration of the Plan directly to the Debtor.
    5)     The property of this bankruptcy estate shall consist of all items listed in Bankruptcy Code Sections 541 and 1306, including, but not limited to all postpetition assets and income acquired by the Debtor.

6) All property of the estate acquired after the commencement of the case and not reported to the Trustee or scheduled in accordance with Rule 1007(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") shall remain property of the estate and will not vest in the Debtor upon confirmation under Bankruptcy Code Section 1327(b).
7) All property owned by the Debtor prepetition which is properly disclosed on the petition schedules shall remain in possession of the Debtor and such prepetition property shall vest in the Debtor upon confirmation. Creditors, as that term is defined in Bankruptcy Code Section 101, may not proceed against property which has vested in the Debtor without requesting a hearing pursuant to Bankruptcy Code Section 362.
8) The valuation of secured claims listed in the Plan pursuant to Bankruptcy Code Section 506(a) shall be determined by the Court upon motion and the opportunity for hearing as discussed in the Court's decision in In Re Fiorilli, 196 B.R. 83 (Bankr. N.D. Ohio 1996) and Creditors shall not be bound by valuations made in the Plan and schedules unless this procedure is followed.
9) Creditors seeking to be paid under the Plan must file a proof of claim pursuant to Bankruptcy Rule 3002.
10) Absent an objection or court order, the Trustee shall pay proofs of claim as filed pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3001(f).
11) Pursuant to Bankruptcy Code Sections 521(3) and (4) and Bankruptcy Rule 4002(3) and (4), the Debtor is under a continuing obligation to cooperate with the Trustee and disclose all income and assets.

**RESPONSIBILITY OF THE DEBTOR IN A CHAPTER 13 PLAN**

1) The Debtor agrees to make timely payments in the amount stated in the Plan (the "Plan Payments"). Furthermore, the Debtor agrees to devote all future disposable income to the Plan as required by Bankruptcy Code Sections 1322(a)(1) and 1325(b)(2). A Debtor who is regularly employed must make Plan Payments by payroll deduction, unless the Trustee has consented to an agreed order allowing direct payments. A Debtor who is self-employed or who has other sources of income must make the Plan Payments by money order or certified check. ***The Debtor is responsible for making the Plan Payments to the Trustee by no later than the 20th of each month***.
2) If the Plan provides that the Debtor is to make postpetition mortgage payments directly outside of the Plan, the Debtor agrees to make those postpetition mortgage payments timely.
3) The Debtor must give notice of any change of address to Debtor's attorney, the Trustee and the Clerk of the U.S. Bankruptcy Court.
4) The Debtor is under a continuing obligation during the course of the Plan to consult Debtor's attorney if Debtor is unable to make Plan Payments.
5) The Debtor shall not incur additional debt exceeding $1,000 (One thousand dollars), cumulatively over the life of the Plan, without notice to the Trustee and approval from the Court.
6) The Debtor shall not transfer any interest in real property or automobiles without the Court's approval.
7) The Debtor shall not transfer personal property valued at $1,500 (One thousand five hundred dollars) or more without the Court's approval.
8) If the Debtor seeks to refinance real estate, the Debtor is under an on-going obligation to consult with Debtor's attorney before completing said refinancing. Refinancing must be reviewed by the Trustee and approved by the Court.
9) The Debtor is under a continuing obligation during the Plan to pay all applicable taxes as such taxes become due, including, but not limited to, (a) income taxes to federal, state, and local taxing authorities, (b) local property taxes and (c) sales and payroll taxes for which the Debtor is personally

responsible. The Debtor must timely file all postpetition tax returns. Upon request of the Trustee, the Debtor must supply copies of tax returns to the Trustee during the Plan.
10) Tax refunds in excess of $1,500 (One thousand five hundred dollars), calculated to exclude Earned Income Tax Credits and child and dependant care credits, are property of the bankruptcy estate and must be paid to the Trustee, for the benefit of creditors, for distribution according to the Plan.
11) The Debtor may make application to the Trustee and the Court if the Debtor has a compelling reason to retain tax refunds in excess of $1,500 (One thousand five hundred dollars).
12) The Debtor is under a continuing obligation to maintain homeowner's insurance during the Plan. Furthermore, the Debtor is under a continuing obligation to maintain minimum automobile liability coverage required by Ohio law during the Plan. The Trustee is authorized to request proof of automobile and homeowner's insurance, as the Trustee deems appropriate.
13) A Debtor engaged in self-employment (sole proprietorship, S-corporation, owner of C-corporation, or rental properties) is required semi-annually to supply updated financial information as requested by the Trustee.

**RESPONSIBILITY OF HOLDERS OF SECURED CLAIMS**

1) Holders of secured claims on either real or personal property of the Debtor do not need to seek relief from the automatic stay pursuant to Bankruptcy Code Section 362 for the limited purpose of supplying the Debtor coupon books, notice of a change in address of the creditor, notice of a change in servicing agent for the creditor, annual 1098 tax information, and all other information that provides the Debtor an accounting of payments paid both by the Debtor directly and by the Trustee.
2) All holders of claims secured by mortgages or deeds of trust on real property shall apply payments designated as a cure of prepetition arrearage and paid under the Plan to prepetition payments, and shall apply payments designated as postpetition payments and paid outside the plan after the commencement of the case to on-going postpetition payments.
3) All holders of secured claims shall refrain from imposing late charges on postpetition payments if those payments are paid timely.
4) Provided that the Debtor is current in his/her postpetition mortgage payments and current in his/her plan payments to the Trustee, and is occupying the premises that is subject to the mortgage or deed of trust, holders of claims secured by mortgages or deeds of trust shall refrain from the imposition of monthly inspection fees, attorneys fees, paralegal fees or other type of bankruptcy monitoring fees without prior approval of the Bankruptcy Court, after notice and hearing.
5) All holders of claims secured by mortgages or deeds of trust shall refrain from holding an amount equivalent to more than one month's postpetition payment in a "suspense account" or other similar device that serves to prevent the application to the account of the Debtor's payment of either principal or interest.
6) If the Plan provides that the Trustee is to make the mortgage payment (both prepetition and postpetition), the mortgage payments are deemed timely paid as long as the Debtor is current in payments to the Trustee. This provision does not apply if the Plan provides for payment of postpetition mortgage payments directly by the Debtor outside the Plan.

**PAYMENT OF ATTORNEY FEES IN A CHAPTER 13 PLAN**

1) Debtor's counsel fees in Chapter 13 cases filed in Akron, Ohio, shall be deemed an administrative expense of the bankruptcy estate pursuant to Bankruptcy Code

Section 503(b). Upon confirmation of the Plan, provided sufficient funds have been paid into the Plan, the Trustee shall commence payment of attorney fees pursuant to Bankruptcy Code Sections 507(a)(1) and 1326(b)(1), subject to Administrative Order No. 04-01.

2) Debtor's counsel shall remain counsel of record and provide representation on behalf of the Debtor until completion or dismissal of this case, unless said representation has been excused by the Court. Failure to attend to such representation may result in an order requiring disgorgement of fees.

3) Pursuant to the disclosure of compensation of Attorney for debtor(s) attorney fees have been requested in the total amount of $3,000.00.

###

Approved:

/s/ Keith L. Rucinski
Keith L. Rucinski, Esquire
Chapter 13 Trustee
One Cascade Plaza. #2020
Akron, OH 44308
Phone: 330-762-6335
Fax: 330-762-7072

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
*****First Amended*****

IN RE: CHAPTER 13
PROCEEDING
JEREMY E BROWN AND
TONYA L. BROWN

DEBTORS. CASE NO. 11-50326

1. Debtor(s) shall pay to the Trustee out of future income the sum of $400.00 every month for a period of sixty (60) months or all of the Debtor's disposable income pursuant to 11 U.S.C. §1322(a)(1) and §1325(b)(2). Said payments shall commence within thirty (30) days from the filing of the plan pursuant to 11 U.S.C. §1326(a)(1).

2. All claims entitled to priority under 11 U.S.C. §507 shall be paid in full in deferred cash payments unless a holder of a particular claim agrees to a different treatment. In addition to the costs of administration, which are to be paid in accordance with the standing procedure of this Court, the following priority claims shall be paid in full prior to the payment of any other claims unless a different treatment is specified herein: The Debtor's student loan shall be paid as an unsecured creditor and any balance owing after the completion of the plan shall remain an obligation of the Debtor.

| Creditor | Amount |
|---|---|
| 1. Cca Municipal Tax (Wadsworth City Tax) | $500.00 |
| 2. Cca Municipal Tax (Norton City Tax) | $500.00 |

3. The following secured creditors shall be paid current monthly payments directly (outside) by Debtors with arrears, if any, to be paid by the Trustee:

| Creditor | Arrearage | Interest rate | Fixed payment |
|---|---|---|---|
| First Franklin Loan Services nka Bank of America, N.A. | $3,678.31 | contract | |
| Freedom Road Financial (2007 Suzuki Eiger recreational) | $0.00 | contract | |

4. The following creditors shall be paid by the Trustee. Each holds a secured claim to the extent of the value of the collateral therefore as indicated below and an unsecured claim for the balance, if any:

| Creditor | Secured value | Interest rate | Fixed payment |
|---|---|---|---|

1

None in this plan

A holder of a secured claim shall retain a lien securing such claim until the amount for which the claim is allowed as secured is paid in full pursuant to 11 U.S.C. §§1325(a)(5)(B)(I) and 1327(c).

5. Executory contracts shall be treated as follows:

None in this plan

6. Creditors holding unsecured claims shall be paid 55% of the amount owing on a pro-rata basis. No interest accruing after the filing of the petition shall be allowed.

7. This Plan shall allow for the payment of all or any part of any claim allowed under 11 U.S.C. §1305.

8. The length of this Plan is estimated to be sixty (60) months. This Plan may be extended beyond its stated term by not to exceed a total of sixty (60) months, in order to carry out the provisions hereof without further application or notice pursuant to 11 U.S.C. §1322(c).

9. The following provisions shall further apply:

   A. Administrative, priority and secured creditors shall be paid before unsecured creditors;
   B. All defaults shall be cured under the Plan;
   C. All secured creditors shall release and satisfy their liens upon payment in full of the secured value of their collateral;
   D. Debtors counsel fees in Chapter 13 cases filed in Akron, Ohio shall be deemed an administrative expense of the bankruptcy estate pursuant to 11 U.S.C §503(b). Upon confirmation of the plan, provided sufficient funds have been paid into the plan, the Chapter 13 Trustee shall commence payment of attorney fees pursuant to 11 U.S.C. §507(a)(1) and 11 U.S.C. §1326(b)(1), subject to Administrative Order No. 04-01. Debtors counsel shall remain counsel of record and provide representation on behalf of the Debtors until completion or dismissal of this case, unless said representation has been excused by the court. Failure to attend to such representation may result in an order requiring disgorgement of fees.

***Statement of Plan Amendment(s)***

The Plan is amended in paragraph 3 to show an arrearage owed to secured creditor Bank of America, N.A.,

/s/ Jeremy E Brown

/s/Tonya L. Brown

2

Date: October 10, 2011

/s/ Chris G. Manos
Chris G. Manos/#0023956
Attorney for Debtors
2745 Nesbitt Ave
Akron, OH 44319
(330) 745-4477

CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing Plan will be served by regular United States mail on all creditors listed on the Debtor's schedules within ten (10) days of the filing of the Plan with the United States Bankruptcy Court.

/s/ Chris G. Manos
Chris G. Manos

3